IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMIE SCHELM,

Plaintiff,

v.

CITY OF ALTON, An Illinois
Municipal Corporation,
SUE WILLIAMS, CHRIS
SULLIVAN, and DON LOVELL,
ALL INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES
AS POLICE OFFICERS FOR
THE CITY OF ALTON,

Defendants.                                  No. 02-CV-0309-DRH

**FILED**
SEP 1 1 2002
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

This matter comes before the Court on the City of Alton and Chief Don Lovell's motion to dismiss Counts 1, 2, 5 and 10 of Plaintiff's First Amended Complaint (Doc. 24). Schelm objects to the motion. Based on the following, the Court grants in part and denies in part the motion.

On July 2, 2002, Jamie Schelm filed a ten-count First Amended Complaint against Defendants pursuant to **42 U.S.C. § 1983** (Doc. 21).[1] Schelm's

---

[1] The Court notes that Schelm's First Amended Complaint does not contain a count 4 and that the page in the First Amended Complaint containing allegations regarding Count 3 and Count 5

First Amended Complaint alleges excessive use of force, failure to render aid, battery and failure to intervene (Counts 1, 2, 3, and 5) against the City of Alton. Schelm also alleges excessive force and battery against Williams, individually and in her official capacity (Counts 6 & 7), failure to render aid and failure to intervene against Sullivan, individually and in his official capacity (Counts 8 & 9) and excessive force against Chief Lovell, individually and in his official capacity (Count 10).

According to Schelm's First Amended Complaint, Police Officer Chris Sullivan of the Alton Police Department was dispatched to Schelm's residence located in Alton, Illinois to investigate underage drinking on April 8, 2001. Shortly thereafter, Sullivan handcuffed Schelm, forcibly removed her from her home, secured her in the squad car and transported her to Alton Police Station. Upon arriving at the police station, Schelm was placed in a cell. Schelm asserts that while she was handcuffed, Alton Police Officer Sue Williams repeatedly struck her on the head and body and maced her without justification. She also asserts she suffered grievous bodily harm, extreme pain and emotional distress all in violation of the Fourth and Fourteenth Amendments, **42 U.S.C. § 1983** and the laws of the State of Illinois and **725 ILCS 5/103-2(c)**.

Now before the Court is Defendants' motion to dismiss (Doc. 24).[2] Defendants argue that they are entitled to dismissal of all claims based on the Eighth

---

has been inserted twice.

[2] In their motion to strike (Doc. 27), Defendants Williams and Sullivan adopted the arguments and citations made by Defendants City of Alton and Chief Lovell in the motion to dismiss.

Amendment, that all of the claims against Chief Lovell should be dismissed and that all claims based on vicarious liability against the City of Alton and Chief Lovell should be dismissed. Schelm maintains that she is not asserting Eighth Amendment claims in her First Amended Complaint and that she has stated causes of action against the City of Alton and Chief Lovell. The Court turns to address the merits of the motion.

## II. Motion to Dismiss

In deciding a motion to dismiss under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the court must take all facts alleged in the complaint, and any inferences that might be reasonably drawn from those factual allegations, and construe them in the light most favorable to the plaintiff. ***Szumny v. Am. Gen. Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001)**. The court merely looks at the sufficiency of the complaint, ***Autry v. Northwest Prem. Servs. Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998)**, it does not decide whether the plaintiff has a winning claim. ***Herdrich v. Pegram, M.D.*, 154 F.3d 362, 369 (7th Cir. 1998);** *see also* ***McCormick v. City of Chicago*, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993) and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983);** ***Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory....")**. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); *see also **Hartford Fire Insurance Co. v. California***, 509 U.S. 764 (1993); ***Sherwin Manor Nursing Center, Inc. v. McAuliffe***, 37 F.3d 1216, 1219 (7th Cir. 1994).

### III. Analysis

#### A. Eighth Amendment Claims

First, Defendants allege that all of Schelm's claims based on the Eighth Amendment should be dismissed. Schelm responds that she is not pursuing any claims based on the Eighth Amendment. Although Schelm deleted most of the references to the Eighth Amendment in her First Amended Complaint, a review of her First Amended Complaint reveals that it still contains some references to the Eighth Amendment. Since Schelm's asserts that she is not pursuing these claims, the Court grants Defendants' motion as to the Eighth Amendment claims. The Court *strikes* any references to the Eighth Amendment in Schelm's First Amended Complaint.

#### B. Claims Against Chief Lovell

Next, Defendants argue that the excessive force claim against Lovell in his individual capacity should be dismissed because Schelm's First Amended Complaint does not allege that Chief Lovell ever came into physical contact with the Schelm or that he was even present during the alleged incident. Schelm counters that she has stated a claim against Chief Lovell because she specifically alleged that Lovell knew of and condoned the conduct causing her constitutional deprivations. The Court agrees with Schelm.

To state a **§ 1983** claim, a plaintiff must allege that the defendants caused or personally participated in the statutory or constitutional violation. **Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)**. Merely alleging liability based on theories of respondeat superior or negligent supervision of subordinates is not sufficient to establish a claim against an individual under **§ 1983**. **Wilson v. City of Chicago, 6 F.3d 1233, 1241 (7th Cir. 1993**. However, to hold an individual liable under **§ 1983**, a plaintiff need not allege direct participation in the deprivation of constitutional rights. **Crowder v. Lash, 687 F.2d 996, 1006 (7th Cir. 1982)**. An individual may be held liable under **§ 1983** if "she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." **Id. (citations omitted)**. Supervisors may be held liable for the misconduct of the subordinates where the "supervisors [knew] about the conduct and facilitate [d] it, approve [d] it, condone [d] it, or turn [ed] a blind eye for fear of what they might see." **Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 477 (7th cir. 1997)(quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988))**. Such conduct by supervisors satisfies the deliberate, reckless indifference standard required for liability under **§ 1983**. **Jones, 856 F.2d at 993**.

Accepting as true all well-pleaded facts in Schelm's First Amended Complaint and drawing all reasonable inferences in her favor, the Court finds that Schelm properly stated a cause of action for excessive force claim pursuant to **§ 1983**

against Chief Lovell. She alleges that Chief Lovell:

> "knowingly, recklessly or with gross negligence failed to train, supervise, control and discipline on a continuing basis the Police Defendants regarding the use of force. . . . Defendants City of Alton and Police Chief Don Lovell are directly liable and responsible for the acts of the Police Defendants, because they knowingly failed to enforce the laws of the State of Illinois and the regulations of the Defendant City Alton police department pertaining to the use of force and possibly deadly force by the Defendant City of Alton police officers, thereby creating with the Alton Police Department, an atmosphere in which police officers employ excessive and illegal force and violence, including deadly force, in the belief that such will be conducted and justified by their superiors. Defendants City of Alton and Chief Don Lovell were, or should have been aware, of these unlawful acts and practices prior to the time of Plaintiff's beating.

(Doc. 21, Count 10, ¶ ¶ 11 & 12). Therefore, Schelm has alleged facts sufficient to establish that Chief Lovell was aware of the conduct and turned a blind eye to the alleged beating. Thus, the Court denies Defendants' motion to dismiss the individual capacity claims against Chief Lovell in Count 10.

Defendants further argue that the claims against Chief Lovell in his official capacity should be dismissed because the City of Alton is also a named Defendant. Schelm argues that Defendants have presupposed that the claims against Lovell are predicated entirely on his role as a supervisor. The Court agrees with Defendants.

A **§ 1983** suit against a government employee in his or her official capacity is coextensive with a suit against the government itself. ***McMillian v.***

*Monroe County*, **Alabama, 520 U.S. 781, 785 n.2 (1997);** *Kentucky v. Graham*, **473 U.S. 159, 165-66 (1985);** *DeGenova v. Sheriff of DuPage County*, **209 F.3d 973, 975 n.1 (7th Cir. 2000)**. Consequently, in order to attach blame against a municipality, a plaintiff must allege a written or unwritten municipal policy, custom or practice which contributed to the alleged deprivation of constitutional rights. *Monell v. New York City Department of Social Services*, **436 U.S. 658, 690-91 (1978)**. Failure to supervise or inadequate training of police officers may state a claim for liability against the municipality, but only where this "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, **109 S.Ct, 1197, 1204 (1989)**.

In the Seventh Circuit, a plaintiff seeking § 1983 governmental liability must plead more facts than simply those that relate to the specific incident in order to survive a motion to dismiss. *Strauss v. City of Chicago*, **760 F.2d 765 (7th Cir. 1985)**. A complaint sufficiently states a claim when a single alleged unconstitutional action has been perpetuated by a person with final policymaking authority. *St. Louis v. Praprotnik*, **485 U.S. 112, 113 (1988)**. "[I]t is when execution of a government's policy or custom . . . by those edicts or acts may be fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, **436 U.S. at 694**. An official with final policymaking authority must actually participate in the single constitutional wrongdoing. *Cygnar v. Chicago*, **865 F.2d 827, 847 (7th Cir. 1989)**, or must

consciously acquiescence in the actions or inactions of subordinates. ***Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986)**.

Here, the City of Alton is a named Defendant in this action. The allegations contained in Count 1, excessive force claim against the City of Alton, and the allegations contained in Count 10, excessive force claim against Chief Don Lovell, mirror each other with the exception of the "Wherefore" clauses in the respective counts. The wherefore clause in Count 10 contains an additional clause that requests punitive damages against Chief Lovell. Based on the case law, the Court finds that the proper Defendant is the City of Alton and not Chief Lovell in his official capacity. Base on the same reasoning, the Court dismisses the claims against Williams and Sullivan in their official capacity. Therefore, the Court dismisses the claims against Lovell, Williams and Sullivan in their official capacity.

### C. Vicarious Liability Claims

Lastly, Defendants maintain that in all counts that the City of Alton and Chief Lovell are vicariously liable for the acts of the individual police officers involved should be dismissed. Schelm contends that her theory of recovery does not involve vicarious liability. She also contends that her First Amended Complaint apprises the City of Alton and Lovell of the bases for her claims. The Court agrees with Schelm. The Court does not find that Schelm's claims against the City of Alton and Chief Lovell assert causes of action for vicarious liability.

## IV. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss (Doc. 24). The motion is granted in that all references to the Eighth Amendment are stricken, as Schelm is not pursuing Eighth Amendment claims against Defendants. The motion is also granted in that the Court **DISMISSES with prejudice** the claims against Lovell, Williams and Sullivan in their *official capacities*. The motion is denied in all other aspects.

**IT IS SO ORDERED.**

Signed this 11th day of Sept, 2002.

**DAVID R. HERNDON**
**United States District Judge**